UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                                        Case No. 88-80523

D- 18, ELPIDO CONCEPTION,                            HON. AVERN COHN

    Defendant/Petitioner.
_____/

## ORDER STAYING PROCEEDINGS ON DEFENDANT/PETITIONER'S MOTION FOR WRIT OF ERROR CORAM NOBIS (Doc. 878)

This is a criminal case. In 1991, Defendant/Petitioner Elpido Conception (Petitioner), a native of Cuba and permanent resident of the United States, plead guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(A)(1). Petitioner was sentenced to eighteen months imprisonment, for which he says he served thirteen months and was released. He did not appeal his conviction.

In 1993, Petitioner was placed in removal proceedings based on his criminal conviction. He was ordered deported by an immigration judge on November 8, 1993. It is not clear whether Petitioner challenged the deportation decision. To date, he has not been deported.

In 2011, Petitioner, proceeding pro se and then by counsel, filed a motion for writ of error coram nobis. The motion is based on the United States Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), where the Supreme Court held that a criminal defendant receives ineffective assistance of counsel when his/her attorneys fail to advise him/her that pleading guilty carries a risk of deportation. The

motion before the Court presents two issues: (1) whether Padilla applies retroactively to a person like Petitioner whose convictions became final after its announcement; and (2) whether Petitioner's counsel was ineffective for, according to Petitioner, not advising him of the potential immigration consequences of pleading guilty.  As noted in the parties' papers, courts have split on the issue of whether Padilla applies retroactivity.

On April 30, 2012, the Supreme Court granted certiorari in Chaidez v. United States, 11-820 in which it will address the question of whether Padilla applies retroactively.  Accordingly, proceedings in this case are STAYED pending the Supreme Court's decision in Chaidez.

SO ORDERED.

      S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  June 20, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 20, 2012, by electronic and/or ordinary mail.

      S/Tanya Bankston on behalf of s/Julie Owens
Case Manager, (313) 234-5160